Felix A. Marino Co., Inc. *v.* Commissioner of Labor and Industries.

Felix A. Marino Co., Inc. *vs.* Commissioner of Labor and Industries & another.[1]

Suffolk. October 9, 1997. - January 14, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Marshall, & Ireland, JJ.

*Public Works,* Wage determination. *Employee Retirement Income Security Act. Labor,* Federal preemption. *Federal Preemption. Administrative Law,* Judicial review. *Words,* "Construction."

The Commissioner of Labor and Industries correctly determined that maintenance and repair of public ways was "construction" within the meaning of G. L. c. 149, § 26, and correctly concluded that the prevailing wage law applied to persons employed in such labor by a private contractor pursuant to municipal public works contracts. [460-461]

The provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a) (1994), do not preempt the prevailing wage law set forth at G. L. c. 149, §§ 26-27H, where that law concerns the take-home pay of employees who have collectively bargained ERISA plans, but does not concern the operation of any ERISA plan itself. [461-464]

The determination of the Commissioner of Labor and Industries that the prevailing collectively bargained wage rates of the private construction industry applied to the employees of a construction company engaged in the repair and maintenance of public ways under municipal contracts was not shown to be arbitrary or capricious. [464-465]

Civil action commenced in the Superior Court Department on November 20, 1995.

The case was heard by *Richard J. Chin,* J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Anita V. Maietta,* Assistant Attorney General (*Anthony E. Penski,* Assistant Attorney General, with her) for the defendants.

*Steven H. Goldberg* (*Carl Valvo* with him) for the plaintiff.

*Donald J. Siegel & Shelley B. Kroll* for the Massachusetts Buildings Trades Council, AFL-CIO, & another, amici curiae, submitted a brief.

---

[1]Attorney General.

*Anne M. Johnson*, for the Massachusetts Highway Association & others, amici curiae, submitted a brief.

WILKINS, C.J. The plaintiff, Felix A. Marino Co., Inc. (Marino), is in the business of maintaining and repairing bituminous pavement. In this action, Marino asserts that the prevailing wage law (G. L. c. 149, §§ 26-27H) does not apply to wages paid to its employees engaged in the maintenance and repair of asphalt roads pursuant to municipal public works contracts.

Marino argues first that restoration work on roads is not "the construction of public works" (G. L. c. 149, § 26), the activity to which the prevailing wage law applies. Marino adds secondly that, if the prevailing wage law does purport to apply to Marino's road maintenance and repair work, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a) (1994), preempts the prevailing wage law in the circumstances. Finally, Marino argues that, if the prevailing wage law applies to its road work and is not preempted by ERISA, the Commissioner of Labor and Industries (commissioner) erroneously determined the prevailing wage rates that Marino must pay its employees.

Marino sought declaratory relief in the Superior Court concerning the applicability of the prevailing wage law to its road maintenance and repair work and concerning ERISA preemption. Marino also sought judicial review of the commissioner's decision establishing the wage rates that Marino must pay pursuant to the prevailing wage law. The case was presented on a statement of agreed facts purporting to be a case stated. A judge in the Superior Court allowed the defendants' motion for summary judgment. He held that the commissioner did not err in ruling that Marino's work on public roads was construction covered by the prevailing wage law. He further ruled that ERISA did not preempt the application of the prevailing wage law to Marino. Finally, he rejected Marino's challenge to the commissioner's determination of the prevailing wage rates that Marino should pay. We granted Marino's application for direct appellate review.

Marino's maintenance and repair work involves patching potholes and trenches dug for utility lines, filling and sealing road cracks, and applying restorative seals to road surfaces. In August, 1994, Marino requested that the Department of Labor and Industries (department) establish new job classifications and

prevailing wage rates for the jobs that Marino's employees performed on contracts to maintain and repair public works. The department declined and instead identified collective bargaining agreements in the private construction industry that, in the department's view, controlled the wages that Marino should pay because they concerned job classifications and wage rates that the department believed to be comparable to the work performed by Marino's employees. In subsequent dealings with municipalities and the Attorney General, who has a duty to enforce the prevailing wage law, Marino disagreed with the conclusion that the prevailing wage law applies to it. An appeal by a consortium of towns, pursuant to G. L. c. 149, § 27A, led to a decision by the commissioner on September 27, 1995, following a hearing attended by Marino, that the consortium, in seeking bids for road repairs and maintenance work, was concerned with public works construction and, therefore, wages to be paid on the consortium's projects were subject to the prevailing wage law. This action was commenced approximately two months later.

We conclude that (1) the prevailing wage law applies to Marino's public works activities, (2) ERISA does not preempt the prevailing wage law as applied to Marino, and (3) Marino has failed to demonstrate that the commissioner committed an error for which Marino is entitled to relief in this action. Because the judge failed to enter a declaratory judgment, we vacate the judgment and direct the entry of a declaration of Marino's rights.

1. The commissioner did not err in ruling that Marino's maintenance and repair work was "construction" within the meaning of that word in G. L. c. 149, § 26. Thus we uphold her determination that the prevailing wage law applies to Marino's employees doing road work pursuant to agreements with Massachusetts municipalities. Because the commissioner is charged with the implementation of the prevailing wage law, we will not decide the issue without consideration of her interpretation of § 26. See *Gateley's Case*, 415 Mass. 397, 399 (1993).[2] An action seeking declaratory relief concerning the scope of § 26

[2]Deference to the interpretation of the law by the Attorney General, who is charged with its enforcement, is also appropriate. See *Nuclear Metals, Inc.* v. *Low-Level Radioactive Waste Mgt. Bd.*, 421 Mass. 196, 211 (1995), and cases cited; *McCormick* v. *Labor Relations Comm'n*, 412 Mass. 164, 168 (1992), and cases cited.

may not be used to circumvent the commissioner's interpretation. The prevailing wage law assigns to the commissioner the classification of employment and states that the commissioner's decision is final. G. L. c. 149, § 27A.

The word "construction" in § 26 is ambiguous standing alone. Section 27D of G. L. c. 149 states that "construction" in § 26, and other sections, "shall include additions to and alterations of public works." In a sense, the filling and repair of a pothole or a utility trench adds to the public way and certainly alters it for the better. On the other hand, there is reason to argue that the Legislature would have used the word "repair" if it intended construction to include Marino's work in the maintenance and repair of public ways. See G. L. c. 30, § 39M (*a*), referring to public bidding for "[e]very contract for the construction, reconstruction, alteration, remodeling or repair of any public work," and G. L. c. 149, § 44A (2), referring to public bidding on contracts "for the construction, reconstruction, installation, demolition, maintenance or repair of" public buildings. However, the Legislature has not taken a narrow view of additions and alterations because it has included the painting of public buildings and public works within the definition of construction in § 27D. Once the commissioner made an interpretative ruling, she resolved the ambiguity that might otherwise have prompted us to construe this statute narrowly because it sets forth criminal penalties for its violation. G. L. c. 149, § 27. See *Construction Indus. of Mass.* v. *Commissioner of Labor & Indus.*, 406 Mass. 162, 169 n.5 (1989). The question whether work of the sort Marino performed was construction within the meaning of G. L. c. 149, §§ 26-27H, is fairly debatable, and the commissioner has answered it in the exercise of her authority.

2. *ERISA preemption.* In 29 U.S.C. § 1144(a), Congress provided, with exceptions not relevant here, that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Marino maintains a profit sharing plan that provides retirement benefits to employees who have worked for it for a certain period of time. Marino's plan is an "employee pension benefit plan" covered by ERISA. 29 U.S.C. § 1002(2)(A). The department is directed by G. L. c. 149, § 26, to include employer contributions to

certain benefit plans when it establishes prevailing wage rates.[3] The commissioner sets a schedule of wages for use in a covered public works project and must "include payments by employers to health and welfare plans, pension plans and supplementary unemployment benefit plans" referred to in § 26, which will be considered payments to persons performing work. G. L. c. 149, § 27.[4]

In determining whether a State law relates to an ERISA plan and falls within ERISA's preemptive scope, the Supreme Court has concluded that a law relates to such a plan if it either has "a connection with" or makes a "reference to such a plan." See *California Div. of Labor Standards Enforcement* v. *Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997) (*Dillingham*); *Shaw* v. *Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983). Marino makes no claim that the prevailing wage law has a connection with an ERISA plan and is thus preempted. Marino argues rather that ERISA preempts the prevailing wage law because it refers to an ERISA plan. Certainly, a law that acts immediately and exclusively on ERISA plans or a law whose operation depends on the existence of ERISA plans would refer to an ERISA plan and thus be preempted. *Dillingham, supra* at 838. The prevailing wage law has neither of these preempting qualities. The question is whether preemption and perhaps invalidation of the Commonwealth's entire prevailing wage law[5] result from a statute that credits (a) amounts that an employer places in a col-

[3]Section 26 states in this respect: "Payments by employers to health and welfare plans, pension plans and supplementary unemployment benefit plans under collective bargaining agreements or understandings between organized labor and employers shall be included for the purpose of establishing minimum wage rates as herein provided."

[4]The parties agree that, because Marino makes contributions to the plan only after the end of its fiscal year and thus does not pay an hourly amount to the plan for each employee determined weekly, its payments to the profit sharing plan cannot be counted toward the hourly wages that must be paid pursuant to the prevailing wage law.

It does not appear that Marino's payments to its retirement plan are made under "collective bargaining agreements or understandings" (§ 26) with organized labor.

[5]Because we conclude that there is no ERISA preemption, we need not decide whether preemption would apply only to the statutory mention of ERISA plans or whether the entire law must fail. There is some support for only limited preemption. See *California Div. of Labor Standards Enforcement* v. *Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 319 (1997); *Mackey* v. *Lanier Collection Agency & Serv.*, 486 U.S. 825, 828-829 (1988); *Chestnut-Adams*

lectively bargained ERISA pension plan for each hour that an employee works against (b) the hourly wage that the commissioner has determined that an employer must pay.

To the extent that it applies to ERISA plans, the prevailing wage law concerns the take-home pay of employees of employers who have collectively bargained ERISA plans, but it has nothing to do with the operation of any ERISA plan itself. We doubt that Congress intended to preempt all or any part of the prevailing wage law simply because the law has a tenuous to nonexistent relationship with particular ERISA plans. We recognize, of course, that the views of the Supreme Court in determining Congress's intentions are controlling on this issue. We are aware of no ERISA preemption case of that Court that announces the preemption of a State law that concerns a subject of traditional State regulation and that only incidentally concerns any ERISA plan. Commenting on the other aspect of ERISA preemption ("a connection with" an ERISA plan), the Supreme Court stated that "[w]e could not hold pre-empted a state law in an area of traditional state regulation based on so tenuous a relation without doing grave violence to our presumption that Congress intended nothing of the sort." *Dillingham, supra* at 842. Because the prevailing wage law does not conflict with or impede the operation of ERISA plans, makes no attempt to regulate ERISA plans, and has minimal, if any, effect on ERISA plans, the prevailing wage law does not relate to ERISA plans within the meaning of 29 U.S.C. § 1144(a). See *Dillingham, supra* at 842, 843 (Scalia, J., concurring); *John Hancock Mut. Life Ins. Co.* v. *Harris Trust & Sav. Bank,* 510 U.S. 86, 99 (1993); *District of Columbia* v. *Greater Washington Bd. of Trade,* 506 U.S. 125, 135 (1992) (Stevens, J., dissenting); *Shaw* v. *Delta Air Lines, Inc., supra* at 100 n.21; *Minnesota Chapter of Associated Bldrs. & Contrs., Inc.* v. *Minnesota Dep't of Labor & Indus.,* 47 F.3d 975, 979-980 (8th Cir. 1995); *Keystone Chapter, Associated Bldrs. & Contrs., Inc.* v. *Foley,* 37 F.3d 945, 957, 961 (3d Cir. 1994), cert. denied, 514 U.S. 1032 (1995). It has been held that "[t]he listing of an ERISA benefit as an

*Ltd. Partnership* v. *Bricklayers & Masons Trust Funds of Boston,* 415 Mass. 87, 95 (1993). There is, however, some support for total preemption. See, e.g., *Minnesota Chapter of Associated Bldrs. & Contrs., Inc.* v. *Minnesota Dep't of Labor & Indus.,* 47 F.3d 975, 978 (8th Cir. 1995). In the last analysis, the issue would seem to be whether the Legislature would have intended either that the prevailing wage law survive without its ERISA-preempted provision or that it be invalid in its entirety. No party has addressed this question.

example of benefits to be factored into the prevailing wage is in and of itself inconsequential." *Minnesota Chapter of Associated Bldrs. & Contrs., Inc.* v. *Minnesota Dep't of Labor & Indus.*, *supra* at 978, citing *Keystone Chapter, Associated Bldrs. & Contrs., Inc.* v. *Foley, supra* at 957 n.17. We see no reason to preempt a prevailing wage law because it allows a credit only for amounts paid to certain ERISA plans. See *New York State Conference of Blue Cross & Blue Shield Plans* v. *Travelers Ins. Co.*, 514 U.S. 645, 659 (1995) (implying that economic favoring of one ERISA plan over another does not cause preemption). Recent opinions of United States Courts of Appeals support the general view we take of ERISA preemption. See *Associated Bldrs. & Contrs., Saginaw Valley Area Chapter* v. *Perry*, 115 F.3d 386, 392-393 (6th Cir. 1997); *Burgio & Campofelice, Inc.* v. *New York State Dep't of Labor*, 107 F.3d 1000, 1008-1009, 1010-1011 (2d Cir. 1997).

We conclude that ERISA preemption does not arise from a State law that requires that some, but not all, ERISA benefits be reflected when determining the hourly take-home pay of workers subject to the prevailing wage law. A statement in the prevailing wage law to that effect is not a preempting reference to an employee benefit plan of the kind that Congress had in mind.

3. By allegations in the nature of a petition for a writ of certiorari, Marino challenges the commissioner's determination that the wages that Marino must pay under the prevailing wage law are those set forth in the collective bargaining agreement between Construction Industries of Massachusetts, Inc., and the Massachusetts Laborers District Council of the Laborers International Union of North America, AFL-CIO. The agency decision was based on first-hand observations of the work performed by Marino's employees. Marino must establish that the commissioner's decision was arbitrary or capricious. See *Forsyth Sch. for Dental Hygienists* v. *Board of Registration in Dentistry*, 404 Mass. 211, 217 (1989); *Sharkey* v. *Civil Serv. Comm'n*, 357 Mass. 785 (1970). It has failed to do so. We do not have the record of the agency proceedings that led to the commissioner's decision. Marino had the obligation of requiring the presentation of that agency record to the court.

Nothing in the statement of agreed facts shows that the commissioner was arbitrary or capricious in determining that the work of highway construction workers and the work of Mari-

no's employees were sufficiently similar to justify the use of private construction industry collectively bargained wages in determining the rates Marino must pay its employees on public works construction. See *Receiver of the Boston Hous. Auth.* v. *Commissioner of Labor & Indus.*, 396 Mass. 50, 61 (1985); *Commissioner of Labor & Indus.* v. *Worcester Hous, Auth.*, 8 Mass. App. Ct. 303, 308-309 (1979).

4. The judgment is vacated and a new judgment shall be entered declaring that (1) the prevailing wage law (G. L. c. 149, §§ 26-27H) applies to the work Felix A. Marino Co., Inc., performs in maintaining and repairing ways pursuant to contracts with Massachusetts municipalities; (2) the Employee Retirement Income Security Act (ERISA) does not preempt the prevailing wage law; and (3) the determination of the Commissioner of Labor and Industries of the prevailing wage rates that Felix A. Marino Co., Inc., must pay its employees was not arbitrary and capricious and is, therefore, affirmed.

*So ordered.*