Riley, J.
Plaintiff, Christine Distasio (“Distasio”), brought this appeal under G.L.c. 30A, §14 to challenge the findings and order of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“board”) affirming the Registry of Motor Vehicle’s (“registry”) revocation of her license to operate a motor vehicle for the duration of ten years commencing on November 9, 1997. The matter is before the court on Distasio’s motion for judgment on the pleadings. For the reasons discussed below, the motion is DENIED.
BACKGROUND
On October 30, 1993, Distasio (age 18 at the time) was involved in a high speed chase with the state police which resulted in her losing control of her vehicle and colliding with a fire hydrant, causing the death of the passenger in her vehicle, Susan Hourin (age 17 at the time). Distasio was subsequently charged with Motor Vehicle Homicide by Negligent Operation. On May 4, 1994 she pled guilty to the charge in the Norfolk Superior Court. Documentation provided at the board’s hearing evidenced the fact that at the time her plea was entered, the Honorable Judge Chernoff informed Distasio that the registry would be revoking her license for a period of ten years, pursuant to a statutory mandate.
A few months later, in the fall of 1994, Distasio moved to Ohio. Distasio applied for and received a license in Ohio. A check of the registry records in Ohio revealed that the Ohio driver’s license was issued because there was no record of a revocation on the National Driver Registry (“NDR”) that would have prevented the issuance. Distasio renewed her Ohio license in 1996. At that time she answered “no” to the query regarding any out-of-state revocations.
In 1997 a member of the decedent’s family observed Distasio operating a vehicle in Massachusetts and they notified the Norfolk District Attorney’s Office. Subsequent investigation revealed that the Norfolk Superior Court had neglected to send an abstract of Distasio’s conviction to the registry. There was a rectification of the failure of the court, and upon being notified, the registry revoked Distasio’s license for a period of ten years, effective November 9, 1997.[1] Distasio argues that her Massachusetts license should be returned to her on May 5, 2004, which would be ten years after the date of her conviction.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997); Boston v. Outdoor Advertising Bd., 41 Mass.App.Ct. 775, 782 (1996), citing Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Iodice v. Architectural Access. Bd., 424 Mass. 370, 375-76 (1997), citing G.L.c. 30A, §14(7).
A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Seagram Distillers Co. v. Alcoholic Beverage Control Comm’n, 401 Mass. 713, 721 (1988); Zoning Board of Appeals of Wellesely v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982). To have an agency’s decision overturned under G.L.c. 30A, §14(7), Distasio must not only show that the board violated one or more of the standards of review listed in c. 30A, §14(7), but also that her substantial right has been prejudiced by the agency’s action. G.L.c. 30A, §14(7); Caitlin v. Board of Registration of Architects, 414 Mass. 1, 6 (1992); Amherst Pelham Regional School Committee v. Department of Education, 376 Mass. 480, 497 (1978); A. Cella, Administrative Law and Practice, §1563 at 127 (1986, Supp. 2002).
Distasio’s petition for review alleges violations of all of the standards of review listed under G.L.c. 30A, §14(7), except for those of “based upon an error of law” and “unwarranted by the facts found by the court on the record as submitted.” Yet in her motion for judgment on the pleadings, Distasio advances the argument that the board’s decision should be overturned because it was a violation of constitutional provisions, in excess of statutory authority, unsupported by substantial evidence, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.
Nevertheless, in her memorandum of law in support of the motion, Distasio argues only that the board exceeded its statutory authority and its decision is based upon an error of law.[2] As Distasio has not made or submitted an argument of violations of any additional standards in her memorandum, the court deems those allegations as waived. Since both the “statutory authority” and “error of law” standards involve matters of statutory construction and are essentially the same argument, the court treats them as one.
Under G.L.c. 90, §24G(c) (hereinafter “§24G(c)’j, the registry is obligated to revoke for ten years the license of any driver who is convicted of vehicular homicide. Specifically, §24G(c) states that the registrar “shall” revoke the license of a driver who commits vehicular homicide “for ten years after the date of conviction.” Distasio contends that under §24G(c), the registry is mandated to revoke her license for a period of ten years, and because they did not take action until three years after the date of her conviction, in effect, she will be deprived of her license for thirteen years, as opposed to the ten years as prescribed by the statute.
Distasio contends that the registry went beyond its authority and committed an error of law when it revoked her license through 2007, because in her *81 view, the statute calls for an immediate revocation of the license. She argues that the ten-year period of revocation of the license starts to run immediately from the date of conviction. Somehow, Distasio attempts to rely on Brach v. Chief Justice of the District Court Department, 386 Mass. 528, 530 (1982), as supporting her argument. This is intriguing, bécause the Brack opinion, at best, supports the opposite of what Distasio claims. Brack specifically ruled that the courts do not have the power to revoke a person’s license, only the registry is authorized to take action. Id. (holding that a court does not have authority to close the gap in time that exists between the date of conviction to the actual date when the registry effects a revocation of a license by promulgating regulations that would mandate that a defendant convicted of a certain motor vehicle offense, surrender his license immediately to the court).
If Distasio’s argument is taken as true, the mandated ten-year period would in effect become a statute of repose that would limit the prescribed ten-year revocation period up to the exact date of ten years subsequent to the date of conviction. This would mean hypothetically that a routine three-month delay in time that occurs from the date of conviction until the registry actually revokes a person’s license is counted as part of the ten-year revocation period. This is wholly inconsistent with the statute, common sense, and more notably, the Brack decision. A period of revocation starts when the registry revokes a license, not when a conviction is recorded. G.L.c. 90, §24G(c); Brach, 386 Mass. at 530. A statute cannot be construed in away that leads to absurd results or renders the statute barren of effectiveness, especially if there is an alternative interpretation that leads to a logical and sensible result. Com. v. Neiman, 396 Mass. 754, 758 (1986); Flanagan v. Contributory Retirement Appeal Bd., 51 Mass.App.Ct. 862, 868 (2001).
In reviewing the interpretation of a statute or regulation by an administrative body, the court “shall give due weight to the experienced technical competence and specialized knowledge of the agency.” U.S. v. Jaycess, 391 Mass. 594, 600 (1984). No such deference is appropriate, however, when the agency commits an error of law. Town of Wakefield v. Labor Relations Comm’n, 45 Mass.App.Ct. 630, 633 (1998). The statute in question clearly states that the registrar “shall revoke ... for a period of ten years after the date of conviction.” G.L.c. 90, §24G(c). The word “after” does not necessarily mean “immediately.” If the legislature had intended to make the ten-year period start from the time of conviction Without regard to whether the registry received notice of conviction, it would have used the term “immediately” as it has done in other parts of the statute, such as the habitual traffic offender law, G.L.c. 90, §22F. Doe v. Superintendent of Schools of Worcester, 421 Mass. 117, 128 (the absence of language that easily could have been included as it appears in other provisions, indicates an intentional omission, and no court can supply it).
Also, even if the statute had explicitly provided that the suspension should start at a certain date, which it did not, it is settled that the statutoiy provisions regarding the time when an agency should act are directive, rather than mandatory, and even a failure to comply is not fatal where the purpose of the statute is not frustrated. Com. v. Babb, 389 Mass. 275, 283 (1983); Cheney v. Coughlin, 201 Mass. 204, 211 (1909) (“[a]s to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duiy by a public officer and does not go to the essence of the thing being done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done”). Because the court concludes that the language of the statute can be reasonably interpreted to mean that the period of revocation does not necessarily have to commence immediately on the date of conviction, but may take place at a time subsequent to the conviction, there was no error of law committed by the registry in revoking Distasio’s license, and the registry acted fully within its authority as prescribed by statute. Felix A. Marino Co. v. Comm’r of Labor & Ind., 426 Mass. 458, 461 (1998) (upholding agency’s interpretation where it is fairly debatable); Howard Johnson v. Alcoholic Beverages Control Comm’n, 24 Mass.App.Ct. 487, 490-91 (1987) (same).
Finally the court must address a disturbing part of Distasio’s petition, the part that claims her substantial right would be violated if the license revocation is upheld to last through 2007. It is offensive to the court that Distasio now claims that she has been deprived of her right to drive in the Commonwealth since the date of her conviction. Distasio clearly knew that her license would be revoked in the Commonwealth subsequent to her conviction. There is evidence that shows that in 1996, she specifically denied on her Ohio license renewal application that she had an out-of-state revocation, which clearly indicates that she knew that her license was not revoked in Massachusetts at that time.
This court declines to accept Distasio’s claim that she has been deprived of her right to drive in the Commonwealth since 1994, when she clearly provided an answer on an Ohio license application stating the opposite. She effectively waived her right to make such an argument when she answered that question on the Ohio application in the negative. Also, the administrative record shows that the veiy reason why this whole matter came to light (the discovery by the Norfolk District Attorney’s Office of the registry’s failure to revoke Distasio’s license) was because a family member of the victim of the tragedy for which she was convicted in the first place, observed Distasio driving in the Commonwealth. Distasio has not been deprived of any substantial right.
*82 ORDER
It is therefore ORDERED that plaintiffs motion for judgment on the pleadings be DENIED. The decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds is Affirmed.

 Ohio didn’t correct the discrepancy between its and Massachusetts’ records until May 2000, and only then did that state cancel Distasio’s Ohio license.

 Distasio inserts in the concluding paragraph of her memorandum, a blanket statement that the board acted in an arbitrary and capricious manner. The conclusory statement, standing on its own without any supporting argument, is not enough to merit a review by the court on this issue. Nevertheless, the court is not convinced that the board acted in an arbitrary or capricious manner.