REGO vs. ALLIED WASTE SERVICES OF MASSACHUSETTS, LLC, 100 Mass. App. Ct. 750

 
 JOSHUA REGO & others [Note 1] vs. ALLIED WASTE SERVICES OF MASSACHUSETTS, LLC.

100 Mass. App. Ct. 750
 November 1, 2021 - March 7, 2022

Court Below: Superior Court, Plymouth County
Present: Milkey, Kinder, & Ditkoff, JJ. [Note 2]

 

Massachusetts Wage Act. Labor, Wages, Overtime compensation. Contract, Municipality. Municipal Corporations, Contracts, Refuse collection and disposal. Carrier, Solid waste removal. Solid Waste Management. Practice, Civil, Summary judgment, Attorney's fees.

Judgment properly entered in favor of the plaintiff drivers and laborers employed by the defendant, which provided municipal waste and recycling services under a five-year contract with a town, on the plaintiffs' claim pursuant to the Prevailing Wage Act (act), G. L. c. 149, § 27F, that they should have been paid the higher prevailing wage for the years 2017 through 2020 rather than being paid for all five years according to the prevailing wage schedules limited to the years 2015 and 2016 that were supplied to the town and forwarded to the defendant before execution of the contract (and did not reflect the increased prevailing wages for the years 2017 through 2020), where the Department of Labor Standards (department) in the Executive Office of Labor and Workforce Development agreed that the plaintiffs should have been paid the higher prevailing wage for the years 2017 through 2020, and payment of that higher prevailing wage was consistent with the legislative purpose of the act; further, this court stated that the department should clarify its position so that awarding authorities and contractors are on notice that the prevailing wage rates may increase over the term of a contract, and contractors are required to pay those increased rates, even if the rates are not referenced in the contract. [752-755]

CIVIL ACTION commenced in the Superior Court Department on June 6, 2019.

 The case was heard by Anthony M. Campo, J., on motions for summary judgment.

 Christopher B. Kaczmarek for the defendant.

 Adam J. Shafran (Jonathon D. Friedmann also present) for the plaintiffs.

 Page 751 

 Ben Robbins & Martin J. Newhouse, for New England Legal Foundation, amicus curiae, submitted a brief.

 Elizabeth N. Dewar, State Solicitor, for Department of Labor Standards, amicus curiae, submitted a brief.

 KINDER, J. The plaintiffs, all former employees of the defendant, Allied Waste Services of Massachusetts, LLC (Allied), brought the underlying action against Allied alleging violations of the Prevailing Wage Act (act), G. L. c. 149, § 27F; the Overtime Act, G. L. c. 151, § 1A; and the Wage Act, G. L. c. 149, § 148. On cross motions, a Superior Court judge granted summary judgment to the plaintiffs on their prevailing wage and overtime claims, and to Allied on the wage act claim. As to the prevailing wage claim, the judge reasoned that Allied's payment to the plaintiffs at the 2015-2016 prevailing wage rate for all five years of a contract (contract) between Allied and the town of Marshfield (town) despite a prevailing wage increase in 2017 "subvert[ed] the purpose of the [act]." On appeal Allied principally argues that the plaintiffs should have been paid at the 2015-2016 prevailing wage in each year of the five-year contract as set forth in the prevailing wage schedule attached to the contract. For the reasons that follow, we affirm the judgment, but for a different reason than that relied on by the Superior Court judge in his consideration of the prevailing wage claim. [Note 3]

 Background. We summarize the undisputed material facts. Allied provides trash hauling and recycling services to public and private customers. The plaintiffs were drivers and laborers employed by Allied. In 2015, Allied submitted the winning bid for the contract, to provide municipal waste and recycling services through June 2020. Section 8-J of the contract provided that, "[i]n accordance with [G. L. c. 149, § 27], the wage rates for workers under this [c]ontract are to be paid at rates established by the Commissioner of the Massachusetts Department of Labor and Industries (see Appendix G)." Appendix G to the contract is a two-page prevailing wage schedule issued by the Department of Labor Standards (department) that includes a schedule of wages for laborers and drivers for 2015 and 2016. [Note 4] The schedule does not include the prevailing wages for 2017-2020. Appendix G also 

 Page 752 

states that "[t]he wage schedule shall be made a part of the contract," and "[t]he wage rates will remain in effect for the duration of the project." Allied paid the plaintiffs the prevailing wages set forth in Appendix G throughout the term of the contract. When one of the plaintiffs asked a representative of the town about his prevailing wage in 2017, the town obtained and sent to Allied and that plaintiff the 2017 prevailing wage rates, which were higher than those incorporated in the contract through Appendix G. Because the rates had increased, the plaintiffs requested a raise. Allied refused, relying on Appendix G and the department's previous published statement that "[p]revailing wage rates for trash/recycling disposal issued pursuant to []G.L. c. 149, § 27F, shall remain in effect for the duration of the contract term."

 Discussion. "We review the allowance of a motion for summary judgment de novo to determine whether the moving party has established that, viewing the evidence in the light most favorable to the opposing party, 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'" (citation omitted). Scarlett v. Boston, 93 Mass. App. Ct. 593, 596-597 (2018). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). The parties agree that there is no genuine issue of material fact and that the case should be decided as a matter of law.

 We begin with the statutory framework. The act, G. L. c. 149, §§ 26-27H, is a comprehensive legislative enactment that provides a mechanism for setting and enforcing minimum wage rates for workers employed on public works projects. Municipal refuse collection and disposal are included in the term "public works" as that term appears in G. L. c. 149, § 27F. See Perlera v. Vining Disposal Serv., 47 Mass. App. Ct. 491, 495 (1999). The purpose of the act is to "achieve parity between the wages of workers engaged in public construction projects and workers in the rest of the construction industry." Mullally v. Waste Mgt. of Mass., Inc., 452 Mass. 526, 532 (2008). The commissioner determines what those wages should be. See Construction Indus. of Mass. v. Commissioner of Labor & Indus., 406 Mass. 162, 171-172 (1989).

 Page 753 

 At the center of this dispute is the interplay between two sections of the act. Section 27 of G. L. c. 149 requires the commissioner to classify the jobs usually performed on public works projects and determine the rate of wages to be paid for each job. Section 27 also requires that those prevailing wage rates be updated annually, and that the general contractor obtain those updated rates from the awarding authority. G. L. c. 149, § 27. Further, § 27 states that "[s]aid schedule shall be made a part of the contract for said works and shall continue to be the minimum rate or rates of wages for said employees during the life of the contract." Id.

 Although the contract between Allied and the town refers to G. L. c. 149, § 27, the parties agree that a different section of the act, G. L. c. 149, § 27F, is controlling here, because the trash-hauling contract involves the use of trucks or other equipment in a public works project. Section 27F requires that a contract to use trucks or equipment for public works must contain "a stipulation requiring prescribed rates of wages, as determined by the commissioner, to be paid to the operators" of the trucks or equipment. G. L. c. 149, § 27F. Like § 27, § 27F provides that "[s]aid rates of wages shall be requested of said commissioner by said public official or public body, and shall be furnished by the commissioner in a schedule." G. L. c. 149, § 27F. However, unlike § 27, § 27F does not state that these actions must occur annually. Nor does it state that the rates will continue for the life of the contract. Thus, § 27F does not expressly state that the department may issue a prevailing wage schedule that remains in effect for the duration of the contract, nor does it prohibit such action. We agree with Allied that § 27F is ambiguous on this point.

 When a statute is ambiguous, we defer to the interpretation of the agency charged with administering the statute, if "the agency's resolution of that issue may be reconciled with the governing legislation" (quotation and citation omitted). Goldberg v. Board of Health of Granby, 444 Mass. 627, 633 (2005). See Felix A. Marino Co. v. Commissioner of Labor & Indus., 426 Mass. 458, 460-461 (1998). The agency charged with administering the prevailing wage act is the department. See Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 21-22 (2017). Thus, we turn to the department's interpretation of § 27F, bearing in mind that we review the interpretation of a statute de novo, see Donis v. American Waste Servs., LLC, 485 Mass. 257, 260 (2020), "according to the intent of the Legislature, as evidenced by the 

 Page 754 

language used, and considering the purposes and remedies intended to be advanced." Glasser v. Director of Div. of Employment Sec., 393 Mass. 574, 577 (1984).

 The department stated in an amicus letter filed in response to our postargument request "that prevailing wage [rate] sheets issued pursuant to [§] 27F at the outset of a contract govern for the full contract term." However, the department further stated that "such wage [rate] sheets do not set just one prevailing wage rate for each position for the duration of a multi-year contract; rather, wage [rate] sheets include rates for each year of the contract, with the rates typically increasing every six to twelve months." This is because the commissioner is required to set wages based on collective bargaining agreements, "which themselves typically contain pre-set automatic wage increases over the course of the contract." See Niles, 92 Mass. App. Ct. at 18-19.

 Here, the prevailing wage schedules supplied to the town and forwarded to Allied before execution of the contract were limited to 2015 and 2016, even though the contract had a five-year term. Those prevailing wage schedules, which were attached to the contract, did not reflect the increased prevailing wages for 2017-2020. The department acknowledged in its amicus letter that the contract in this case did not reflect increased prevailing wages for 2017-2020, but concluded that this was an anomalous situation, and based on "the unusual circumstances of this case, the plaintiff-employees here were entitled to the prevailing wage rates set forth in the wage [rate] sheet issued in 2017." This interpretation is consistent with the act's purpose of achieving parity between workers on public projects and workers in the private sector. See Mullally, 452 Mass. at 532. We note, however, that it is inconsistent with the language of the department's prevailing wage schedule incorporated in the contract as Appendix G, and the department's notice to awarding authorities dated December 2009, both of which stated that the listed wage rates would remain in effect for the duration of the contract term. While this may be an anomalous situation, the department should clarify its position so that awarding authorities and contractors are on notice that the prevailing wage rates may increase over the term of a contract, and contractors are required to pay those increased rates, even if the rates are not referenced in the contract.

 Allied principally argues that it paid the plaintiffs pursuant to the prevailing wage schedule in Appendix G of the contract, which states specifically that "wage rates will remain in effect for 

 Page 755 

the duration of the project, except in cases of multi-year public construction projects." According to Allied, it was entitled to rely on this language in Appendix G, particularly where G. L. c. 149, § 27F, does not explicitly require annual updates to the prevailing wage schedule. Moreover, Allied argues, the department's opinion regarding the merits of a case, as opposed to its interpretation of a statute, is owed no deference. We are not persuaded. "[T]he prevailing wage law is a strict liability statute." Lighthouse Masonry, Inc. v. Division of Admin. Law Appeals, 466 Mass. 692, 698-699 (2013). "[A]n employer's reason for the violation is irrelevant." Id. at 699. It is undisputed that Allied agreed to pay its workers the prevailing wage at rates established by the commissioner, and that, for 2017-2020, the workers were paid at a rate below the prevailing wage established for those workers by the commissioner. The employees should not be penalized because the town and Allied failed to ensure that the contract included prevailing wage schedules for each contract year. See Donis v. American Waste Servs., 95 Mass. App. Ct. 317, 325 (2019), S.C., 485 Mass. 257. Where the department agrees that the plaintiffs should have been paid the higher prevailing wage for the years 2017-2020, and payment of that higher prevailing wage is consistent with the legislative purpose of the act, we discern no error in the judgment in favor of the plaintiffs on their prevailing wage claim. [Note 5]

 The plaintiffs have requested an award of attorneys' fees and costs associated with this appeal. See G. L. c. 149, § 27F (prevailing employee "shall also be awarded the costs of the litigation and reasonable attorneys' fees"). The plaintiffs may submit, within fourteen days of the date of issuance of the rescript in this case, a petition for appellate fees and costs, together with supporting documentation, as discussed in Fabre v. Walton, 441 Mass. 9, 10-11 (2004). The defendant shall have fourteen days thereafter to respond. See NTV Mgmt., Inc. v. Lightship Global Ventures, LLC, 484 Mass. 235, 248 (2020).

Judgment affirmed.

FOOTNOTES
[Note 1] Jack Alves, Belmiro Debrito, Michael DeVito, and Jose Gomes. 

[Note 2] Following oral argument, Justice Sacks recused himself and was replaced by Justice Ditkoff. 

[Note 3] We acknowledge the amicus brief submitted by the New England Legal Foundation in support of Allied, and the amicus letter submitted by the Department of Labor Standards. 

[Note 4] The Department of Labor and Industries became part of the Executive Office of Labor and Workforce Development. See St. 1996, c. 151, § 111; G. L. c. 23, § 1. The Department of Labor Standards is an agency within that office. See Lighthouse Masonry, Inc. v. Division of Admin. Law Appeals, 466 Mass. 692, 693 n.3 (2013). While section 8-J of the contract states that prevailing wage rates are set by the commissioner of the Department of Labor and Industries, those rates are actually established by the Department of Labor Standards. Hereinafter, the term commissioner means the director of the Department of Labor Standards. See G. L. c. 149, § 1. 

[Note 5] The plaintiffs' overtime claim is derived solely from their prevailing wage claim. That is, they were undercompensated for overtime because they were paid at the wrong prevailing wage. Because Allied makes no independent argument with respect to the overtime claim, we do not separately address it. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.